IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TEX PICKRON                                                    PLAINTIFF

v.                          Case No. 3:12-CV-03122

TANKINETICS, INC. and STRAND
COMPOSITE ENGINEERING &
CONSTRUCTION, LLC                                            DEFENDANTS

## OPINION AND ORDER

This matter arises out of Plaintiff Tex Pickron's allegations of employment discrimination

against his former employer.  Currently before the Court are a motion for summary judgment (Doc.

26) and supporting documents filed by Defendants Tankinetics, Inc. ("Tankinetics") and Strand

Composite Engineering & Construction, LLC ("Strand").  Plaintiff has filed a response in opposition

(Doc. 31), and statement of facts in dispute (Doc. 30), to which Defendants have filed a reply (Doc.

35).  For the reasons stated herein, Defendants' motion for summary judgment is GRANTED.

## I.      BACKGROUND

Many of the relevant facts in this case are undisputed. To the extent that Plaintiff, in

responding to Defendants' motion or statement of undisputed facts, has relied on speculation, denials

or allegations, without a proper basis in fact or clear citation to facts already in the record, the Court

will view such facts as essentially undisputed. *See* Fed. R. Civ. P. 56(e)(2) ("When a motion for

summary judgment is properly made and supported, an opposing party may not rely merely on

allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing

a genuine issue for trial."). To the extent they are relevant, those facts not specifically controverted

by Plaintiff will be deemed to have been admitted pursuant to Local Rule 56.1.  Where Plaintiff has

-1-

provided some basis in fact or in the record, however, the Court has made all inferences in his favor, as is appropriate when making a summary judgment determination. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212–13 (8th Cir. 1998) (citing *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983)).

The facts in this case are relatively straightforward.  Plaintiff was discharged from his job as an Estimator in the Estimating and Engineering Department at Strand on October 3, 2011.  He was 64 years old at the time.  Plaintiff alleges that he was terminated because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., and that Strand and Tankinetics are both liable as his employer.  Defendants contend that Plaintiff was discharged for a legitimate non-discriminatory reason, namely that Plaintiff was laid off when his position was eliminated and his job duties were reassigned to other employees.  Defendants further contend that Tankinetics was not Plaintiff's employer at the time of discharge and otherwise had no role in the employment decision.

Plaintiff Tex Pickron was hired by Justin Enterprises, Tankinetics's predecessor, in 1972.  He left the company—by then called Tankinetics—in 1993, but was rehired in 1995 as Plant Manager.  At that time, Tankinetics was in the business of making fiberglass tanks, fiberglass ducting pipe, mobility boxes, and rapid runway mats.  George Angle, a majority shareholder of Tankinetics, hired St. Clair Guess, III to be President of Tankinetics in February of 2009.  Guess was hired to increase profits and grow the company.  However, Guess did not believe he could grow Tankinetics.  Guess and Angle decided the best option was to create a new company—Strand—to build the fiberglass reinforced tanks.

Strand was created in July of 2010.  Tankinetics still existed after the creation of Strand, but it was not Strand's parent company and owned no part of Strand.  Plaintiff was transitioned from

being an employee of Tankinetics to being an employee of Strand in 2010.  Plaintiff originally served as the Production Shop Manager for Strand.  He was transferred to the Estimating and Engineering Department in August of 2010, where he began working as an estimator.[1]  Counting Plaintiff, Strand had two standalone estimators at that time.

About six months before Plaintiff's termination, Guess had the other estimator, Lance Calhoun, moved to the production floor.  Calhoun quit soon thereafter.  Upon returning from vacation on October 3, 2011, Plaintiff was called to a meeting with Guess and Plaintiff's immediate supervisor, Paul DiCarlo.  At the meeting, Guess informed Plaintiff that his position had been eliminated and the engineers were going to take over the estimating.  While Plaintiff was leaving the facility, Graham Keymer ("Keymer"), another employee, told Plaintiff that Keymer himself had been told to terminate "old hands."

## II.    LEGAL STANDARD

The standard of review for summary judgment is well established.  Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The Court must review the facts in the light most favorable to the opposing party and give that party

---

[1]As an estimator, Plaintiff would get input from the salesmen and the engineers who designed the products and use costing software to prepare estimates that would attempt to predict the amount of man hours and materials needed to build the product.  Guess hoped Plaintiff's knowledge of the production process would enable him to make more accurate estimates of the time and materials necessary to build the tanks.  After a tank was built, the estimate would be reviewed to see whether it had been accurate.  The estimate was often low compared to the final production cost, resulting in lower profits than anticipated. Guess had problems with the estimators blaming engineers, and vice versa.  He determined that eliminating the remaining standalone estimator position and having the engineers perform the estimates would resolve the finger-pointing problem and make the engineers more accountable for producing accurate estimates.

the benefit of any inferences that logically can be drawn from those facts. *Canada*, 135 F.3d at 1212–13. The moving party bears the burden of proving the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). Once the moving party has met its burden, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

The case at bar involves a claim of discrimination in the workplace. The Court observes that "[w]hile employment discrimination cases are often fact intensive and dependent on nuance in the workplace, they are not immune from summary judgment, and there is no separate summary judgment standard for employment discrimination cases." *Fercello v. Cnty. of Ramsey*, 612 F.3d 1069, 1077 (8th Cir. 2010). A plaintiff can survive summary judgment on an age discrimination claim "either by providing direct evidence of discrimination or by creating an inference of unlawful discrimination" using circumstantial evidence. *Bone v. G4S Youth Servs., LLC*, 686 F.3d 948, 953

(8th Cir. 2012). When a plaintiff relies on circumstantial evidence to prove age discrimination based on disparate treatment, the claim is analyzed using the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Rahlf v. Mo-Tech Corp.*, 642 F.3d 633, 637 (8th Cir. 2011) (citations omitted). Under this framework, "the plaintiff initially has the burden to establish a prima facie case of discrimination." *Ramlet v. E.F. Johnson Co.*, 507 F.3d 1149, 1153 (8th Cir. 2007). Once this burden is met, a rebuttable presumption of discrimination arises. *Id.* The burden then shifts to the defendant to offer a legitimate, non-discriminatory reason for the adverse employment action. *Id.* "If the defendant provides such a reason, the presumption disappears, and the burden shifts back to the plaintiff to show that the proffered reason was pretext for age discrimination. At all times, the ultimate burden of persuasion is on the plaintiff." *Id.* (citations omitted).

## III.   DISCUSSION

Defendants argue that Tankinetics is entitled to summary judgment because Tankinetics had no role in Plaintiff's discharge and that Strand is entitled to summary judgment because (1) there are no facts from which a reasonable juror could infer age discrimination, and (2) Plaintiff cannot establish causation. In response, Plaintiff argues that he has produced direct evidence of discrimination in support of his age discrimination claim, and therefore summary judgment is inappropriate. He further contends that Tankinetics is liable based on an agency relationship with Strand or because Tankinetics and Strand were an "integrated enterprise."

In the employment discrimination context direct evidence is that which shows "a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse

employment action." *Bone*, 686 F.3d at 593 (internal quotation omitted). Such evidence "may include evidence of actions or remarks of the employer that reflect a discriminatory attitude, comments which demonstrate a discriminatory animus in the decisional process, or comments uttered by individuals closely involved in employment decisions." *King v. United States*, 553 F.3d 1156, 1160 (8th Cir. 2009) (internal quotations and citations omitted). However, "stray remarks in the workplace, statements by nondecisionmakers, and statements by decisionmakers unrelated to the decisional process do not constitute direct evidence." *Id.*

Plaintiff maintains he has presented direct evidence in the form of remarks by Guess that reflect a discriminatory attitude and animus. The only evidence offered concerning these remarks is the affidavit of Ron Perry, a former employee of both Tankinetics and Strand. Perry avers, among other things, that Guess told Perry that he wanted to get rid of Plaintiff because Plaintiff was too old and set in his ways. Plaintiff argues Perry's testimony creates a genuine issue of fact on the question of whether age discrimination motivated Plaintiff's termination from employment.

The Court finds that Perry's testimony does not create a genuine dispute as to any material fact because the statements in Perry's affidavit contradict Plaintiff's earlier sworn testimony. "It is well-established that parties to summary judgment cannot create sham issues of fact in an effort to defeat summary judgment and . . . a district court may grant summary judgment where a party's sudden and unexplained revision of testimony creates an issue of fact where none existed before." *Marathon Ashland Petroleum, LLC v. International Brotherhood of Teamsters*, 300 F.3d 945, 951 (8th Cir. 2002) (internal quotations omitted); *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995) (noting that a plaintiff cannot avoid summary judgment by offering the affidavit of another person if that person's testimony contradicts the plaintiff's own earlier testimony). By offering Perry's

-6-

affidavit, Plaintiff attempts to create a genuine dispute of fact as to discriminatory remarks made by Guess to Perry.  However, Plaintiff swore in his own deposition that Guess never said or did anything to indicate he would fire someone because of his age, either to Plaintiff or to anyone who reported it to Plaintiff.  (Doc. 26-2, p.70).   Furthermore, prior to Plaintiff's proffer of Perry's affidavit, the only alleged discriminatory statement raised in this case was Plaintiff's averment that he spoke with Graham Keymer, another employee, as Plaintiff was leaving the facility after his termination, and Keymer said "I was told to get rid of all the old hands myself." *Id.* at 64.  Plaintiff cannot revise his own testimony by raising new allegations of discriminatory statements through another person's affidavit.

Aside from Perry's affidavit, Plaintiff presents no direct evidence of intentional age discrimination.[2]  Therefore, to succeed on his ADEA claim, Plaintiff must create an inference of unlawful discrimination based on circumstantial evidence.

To satisfy the prima facie case of age discrimination in a typical termination scenario, the plaintiff must show he or she was: (1) over 40 years old; (2) qualified for the position; (3) discharged from employment; and (4) replaced by someone sufficiently younger to permit an inference of age discrimination. *Id.* The prima facie case is altered in reduction-in-force cases, where the plaintiff was laid off and his duties were either eliminated or redistributed to remaining workers.  *Id.*  "To establish a prima facie case of age discrimination in a reduction-in-force, a plaintiff must show that (1) he is over 40 years old, (2) he met the applicable job qualifications, (3) he suffered an adverse employment action, and (4) there is some additional evidence that age was a factor in the employer's

---

[2] Plaintiff does not argue that Graham Keymer's comment regarding terminating the "old hands" constitutes direct evidence.  Even if he did, the Court finds this comment is merely a stray remark that does not count as direct evidence.

termination decision." *Rahlf*, 642 F.3d at 637.  Although the first three elements are essentially the same, the fourth element is significantly different.

In this case, it is undisputed that Plaintiff was over 40 and was laid off.  In addition to having been laid off, Plaintiff also argues that he suffered an additional adverse employment action when he was transferred from his former position as the Production Shop Manager to the Estimator position in August of 2010.  Any claim based on the transfer is barred by the applicable statute of limitations.  *See* 29 U.S.C. § 626(d)(1)(A) (requiring an unlawful discrimination charge to be filed with the EEOC within 180 days after the alleged unlawful practice occurred).  Thus, Plaintiff has shown an adverse employment action with respect to his termination from employment only, and the first and third elements have been met.   Defendants do not challenge Plaintiff's qualification for the job, and Plaintiff contends that he met the qualifications "even by Defendants' admittance." (Doc. 31, p. 7).[3] Although it is questionable whether Plaintiff was meeting his employer's legitimate expectations at the time he was discharged, the Court views the facts as pleaded by Plaintiff in the light most favorable to him on summary judgment and assumes for the sake of argument that he has established the first three factors needed to make out a prima facie case of age discrimination for either a termination case or a reduction-in-force case.

Plaintiff contends that the fourth element is met because he was replaced with a younger employee, Clint Broom.  This is insufficient to establish a prima facie termination case, because Plaintiff is referring to his job transfer, not his discharge from employment.  As mentioned above, Plaintiff is time-barred from asserting a claim based on the job transfer.  However, the Court finds

---

[3] After reviewing the record, the Court finds that Defendants do not admit that Plaintiff was qualified.  To the contrary, Guess's sworn affidavit explicitly states that Guess eliminated the estimating position because he believed the estimating work should be done by degreed engineers.

that the case at bar is more appropriately a reduction-in-force case, because when Plaintiff was laid off, his position as an Estimator was eliminated and the estimating duties were reassigned to existing degreed engineers.  As such, Plaintiff must only show "some additional evidence that age was a factor" in his discharge.   For purposes of this motion, the Court will assume—without deciding—that Plaintiff has met this burden.

The burden now shifts to Defendants to articulate a legitimate, non-discriminatory reason for Plaintiff's termination.   Defendants maintain that Guess decided to eliminate Plaintiff's standalone estimating position and have the degreed engineers take over the estimating duties.  To substantiate this, Defendants submit the following evidence:  the second affidavit of Guess, President and General Manager of Strand at the time of Plaintiff's termination (Doc. 33-1); excerpts from the deposition of Plaintiff (Docs. 26-2 and 34-1); and the notes of a telephone interview of Plaintiff from Johnny L. Glover, the EEOC investigator who investigated Plaintiff's EEOC charge (Doc. 34-2).  Guess explains that he was unsatisfied with the performance of the estimating department and believed having the degreed engineers assume the estimating duties would make the engineers more accountable for accurate estimates.  Also, Guess was trying to strengthen Strand's engineering capability and had hired additional engineers.  By eliminating Plaintiff's position, he was able to eliminate Plaintiff's salary but still accomplish the work.  This is a legitimate, non-discriminatory justification for Plaintiff's termination. *See Floyd v. Mo. Dep't of Social Servs., Div. of Family Servs.*, 188 F.3d 932, 936 (8th Cir.1999) ("The burden to articulate a nondiscriminatory justification is not onerous, and the explanation need not be demonstrated by a preponderance of the evidence.").

Because Defendants have articulated a legitimate, non-discriminatory reason for Plaintiff's

termination, the burden shifts back to Plaintiff.  To avoid summary judgment, Plaintiff must present evidence that creates a genuine dispute of material fact as to whether Defendants' proffered reason is pretextual and that creates a reasonable inference that age was a determinative factor in the decision to discharge Plaintiff.  *Rahlf*, 642 F.3d at 638.  At this stage of the analysis, "the factual inquiry proceeds to a new level of specificity."  *Dammen v. UniMed Med. Ctr.*, 236 F.3d 978, 981 (8th Cir. 2001) (quoting *USPS Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983)).  In reviewing the record before the Court, it is clear that Plaintiff failed to meet this burden.

Plaintiff's only argument that in favor of pretext is that Defendants have provided contradictory reasons for their decision to terminate Plaintiff.  "Pretext may be shown with evidence that the employer's reason for the termination has changed substantially over time." *Loeb v. Best Buy Co.*, 537 F.3d 867, 873 (8th Cir. 2008).  Plaintiff submits an Arkansas Department of Workforce Services "Notice to Base Period Employer" form filled out on behalf of Tankinetics (Doc. 31-3) and an Arkansas Department of Workforce Services "Notice to Last Employer" form filled out on behalf of Strand (Doc. 31-4) as evidence of a change in Defendants' reason.  The forms each indicate Plaintiff was "laid off" due to "lack of work."  *Id.*  Plaintiff also directs the Court to other similar instances of conflicting testimony.  None of the variations amount to a substantial change in position by Defendants.  Rather, Plaintiff's argument is a "semantic dispute" that fails to show any change in Defendants' reason, much less the kind of substantial discrepancy required to show pretext. *Bone*, 686 F.3d at 958.   Defendants have maintained a consistent justification for Plaintiff's discharge—that they eliminated his position and redistributed the work to increase efficiency in the department and to cut costs.

Even if Plaintiff had presented sufficient evidence of pretext, Plaintiff has come forward with

nothing, other than his own speculation that Guess was laying off older workers, to indicate that age played a role in the decision to terminate him.  Speculation, absent any proof, is simply not sufficient to make his case.  *See Dammen v. UniMed Med. Ctr.*, 236 F.3d 978, 981 (8th Cir. 2001) (noting that an employer would still be entitled to judgment as a matter of law "if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred").

Plaintiff's discharge, which followed from the redistribution of his job duties to other employees pursuant to a reduction-in-force, was based on a reasonable factor other than age and was for "good cause."  *See* 29 U.S.C. § 623(f)(1), (3).  Because the Court finds that there is no genuine dispute of fact as to the reason for Plaintiff's termination, it is not necessary to address the parties' arguments as to whether Tankinetics was Plaintiff's employer or otherwise subject to liability.

## IV.    CONCLUSION

For the reasons set forth above, IT IS ORDERED that Defendants' motion for summary judgment (Doc. 26) is GRANTED, Plaintiff's claims are DISMISSED WITH PREJUDICE, and judgment will be entered in favor of Defendants.

IT IS FURTHER ORDERED that all other pending motions in this case are DENIED AS MOOT.

IT IS SO ORDERED this 3rd day of February, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE